IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY A. PESTKA, | ) | |
| | ) | |
| Petitioner, | ) | 4:04cv3317 |
| | ) | |
| vs. | ) | PROGRESSION ORDER |
| | ) | |
| FRED BRITTEN, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court to facilitate progression of this habeas corpus case filed pursuant to 28 U.S.C. § 2254 by the petitioner, Jeffrey A. Pestka. The respondent has filed an Answer (filing no. 13) and relevant state court records (filing nos. 15 and 16). The petitioner has filed a Reply (filing no. 17).

The petitioner alleges violations of his constitutional rights in connection with his conviction and sentence in the District Court of Lancaster County, Nebraska, on or about April 19, 2001, on a plea of no contest to a charge of second degree murder. He asserts four claims, of which the respondent alleges three are "unexhausted" and procedurally defaulted. The respondent then concludes that the petitioner has filed a "mixed petition" and should be required to choose between (1) agreeing to dismissal of the above-entitled case, without prejudice, to allow the petitioner to return to state court to exhaust his unexhausted claims, or (2) amending the § 2254 petition to proceed only on the exhausted claim in this court. See generally Pennington v. Norris, 257 F.3d 857, 854 (8th Cir. 2001):

> When dealing with traditional "mixed" petitions, we have stated that "[w]e believe the petitioner should make the choice whether to amend [the] petition and delete the unexhausted claims or to proceed in state court on the unexhausted claims."... Thus "[w]hen presented with a petition containing both exhausted and unexhausted claims, a district court must either dismiss the entire claim without prejudice or permit the petitioner to dismiss the unexhausted claims."

(Citations omitted.)

However, the respondent has confused the concepts of exhaustion and procedural

1

default. In federal habeas law, those are mutually exclusive conditions, and a procedurally defaulted claim is exhausted. Akins v. Kenney, 410 F.3d 451, 456 n.1 (8th Cir. 2005). The inability to return to state court today to obtain a ruling on a previously unexhausted claim renders that claim "exhausted" for federal habeas corpus purposes, but the procedural default bars federal habeas review unless the petitioner can show cause for and prejudice from the procedural default, so as to "excuse" the default for federal habeas purposes. Taylor v. Bowersox, 329 F.3d 963, 971 (8th Cir. 2003), cert. denied, 541 U.S. 947 (2004). See also Wemark v. Iowa, 322 F.3d 1018, 1022 (8th Cir. 2003):

> Title 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief "unless it appears that the applicant has exhausted the remedies available in the courts of the State." Because "[t]his requirement ... refers only to remedies still available at the time of the federal petition," it is satisfied "if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law." However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.

(Citation omitted.). A § 2254 petition which contains claims exhausted by presentation to the state appellate courts and claims exhausted by procedural default does **not** constitute a "mixed petition."

The respondent contends that the petitioner's first, third and fourth habeas claims were not previously presented to the state courts of Nebraska. In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the U.S. Supreme Court explained the habeas exhaustion requirement as follows: "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief. Id. at 845. Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. Id. at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further

review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005). If a habeas claim has not been presented on the merits all the way through the state's appellate review process and is now barred from such presentation, the claim is "procedurally defaulted," not unexhausted, Akins v. Kenney, 410 F.3d at 456 n.1.

Construing filing no. 1, the § 2254 petition, liberally, and as more clearly expressed in filing no. 17, the petitioner's Reply, the petitioner relies on ineffective assistance of appellate counsel as cause to excuse the procedural default(s) alleged by the respondent, if any default has occurred. Although the Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [the Court has] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice .... Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, a federal habeas court is barred from considering an ineffective-assistance-of-counsel claim as "cause" for the procedural default of another claim when the ineffective-assistance claim has itself been inexcusably procedurally defaulted. Id. In this case, however, the petitioner states that he raised ineffective assistance of appellate counsel on postconviction review.

Therefore, with the foregoing clarifications, it appears that the issues presented by this case are ready for development in the parties' briefs. To summarize, the court rejects the respondent's argument that the petitioner has filed a mixed petition. In addition, the court views the petitioner's fourth claim, as clarified and supplemented by filing no. 17, as a showing of cause to excuse the procedural default of any other claim, if any default has occurred. The petitioner is entitled to demonstrate, as to each of his § 2254 claims, (a) that he did raise that claim in the state courts (if so, he should identify where he did so); and/or (b) that if he did not, the failure to do so was attributable to the ineffective assistance of appellate counsel on direct appeal and prejudiced him.

Finally, as to any claim which has been considered on the merits by the Nebraska appellate courts, the claim is now subject to review under the deferential standard required

3

by 28 U.S.C. § 2254(d).  See Williams v. Taylor, 529 U.S. 362 (2000).  28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Eighth Circuit Court of Appeals has commented that 28 U.S.C. § 2254(d) leaves a federal habeas court only a "very narrow" scope of review of state-court determinations. Blackwell v. Graves, 349 F.3d 529, 532 (8th Cir. 2003).

*28 U.S.C. § 2254(d)(1)*

As for 28 U.S.C. § 2254(d)(1), "[t]he Supreme Court has explained the independent meanings of the 'contrary to' and 'unreasonable application' clauses .... A state court decision is 'contrary to' the Supreme Court's clearly established precedent if the state court either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts.'... A state court decision is an 'unreasonable application' of Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'... 'A federal court may not issue the writ simply because it "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."'" Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006) (citations omitted).

In Kinder v. Bowersox, 272 F.3d 532, 537-38 (8th Cir. 2001), the Eighth Circuit stated, *citing* Williams v. Taylor, 529 U.S. 362, 405 (2000):

4

> Our first step, then, in evaluating a challenge to the state court's application of the law is to determine what, if anything, the Supreme Court has said on the subject. From there, we proceed to take a careful look at the decision of the state court. That decision will be viewed under AEDPA as "contrary to" clearly established federal law if the state court has applied a rule that directly contradicts Supreme Court precedent or has reached a result opposite to a result reached by the Supreme Court on "materially indistinguishable" facts .... As for an "unreasonable application" of the law, we must remember that unreasonable is not the same as incorrect .... The state court's application might be erroneous, in our "independent judgment," yet not "unreasonable."

See also Lockyer v. Andrade, 538 U.S. 63 (2003):

> First, a state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."

Id. at 73 (citations omitted).

> Second, "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."... The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous .... The state court's application of clearly established law must be objectively unreasonable.

Id. at 75 (citations omitted).

*28 U.S.C. § 2254(d)(2)*

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the

5

evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 324 (2003).

Therefore, as to the claim(s) in this case presented on the merits to the Nebraska appellate courts, the issue in this court is whether the Nebraska courts, in adjudicating the merits of the claim(s), (1) produced a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) based its decision on an unreasonable factual determination in light of the evidence. Accordingly, the parties shall file briefs as set forth below.

IT IS THEREFORE ORDERED:

1. That by June 26, 2006, each party shall file a brief on the issues discussed above and any other matters that party may wish to address;

2. That by July 26, 2006, each party shall file a brief in response to the other party's brief; and

3. That unless the court orders any additional proceedings, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court records and the briefs.

DATED this 25th day of May, 2006.

BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

6